UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KEVIN DORN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5:21-058-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM** |
| | ) | **OPINION** |
| Respondent. | ) | **&** |
| | | **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Kevin Dorn is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Dorn filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the Bureau of Prisons' (BOP's) calculation of his sentence. [R. 1.] The Respondent then filed a response to Dorn's petition, arguing, among other things, that he failed to fully exhaust his administrative remedies. [R. 10.] Since the time for Dorn to file a reply brief has now passed [*see* R. 11], this matter is ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Dorn's present petition without prejudice. That is because the Respondent has demonstrated that Dorn failed to fully exhaust his administrative remedies. Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. Whether or not a prisoner has

properly exhausted these administrative remedies is an affirmative defense. *See, e.g., Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

Here, the Respondent has presented evidence that Dorn has not submitted any relevant administrative remedy requests while in federal custody. Rather, it appears Dorn has filed only one administrative remedy request, and that request was unrelated to the claim in his petition. [*See* R. 10 at 4; R. 10-1 at 2.] Dorn has also not offered any timely arguments or evidence in reply to the Respondent's position regarding exhaustion. Thus, the Respondent has adequately established its affirmative defense. In short, Dorn has not yet fully exhausted his administrative remedies, which is a prerequisite to filing suit in federal court. Therefore, the Court will not address the merits of Dorn's claim at this time, and, instead, it will deny his current petition without prejudice to his right to file a new action once he has fully exhausted his administrative remedies.

Accordingly, the Court **ORDERS** as follows:

1. Dorn's current petition for a writ of habeas corpus [**R. 1**] is **DENIED WITHOUT PREJUDICE** to his right to file a new action once he has fully exhausted his administrative remedies.
2. This civil action is **STRICKEN** from the Court's docket.
3. The Court will enter a corresponding Judgment.

This 7th day of June, 2021.

Gregory F. Van Tatenhove
United States District Judge